IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02552-DME-KLM

SHAWN LOUIS SUTTER,

    Plaintiff,

v.

GOETZ, FCI Warden,
DOMINIC JOHN, A.W.,
FREDDY GARRIDO, A.W.,
GICONI, FCI Captain,
FRABONI, APN,
THOMPSON, Counselor,
J. FOX, Complex Warden,
SARA M. REVELL, Regional Director, and
RICKARD, Complex Captain,

    Defendants.
_____

### RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendants' **Motion to Dismiss for Failure to State a Claim and Defendant Sara M. Revell's Motion to Dismiss for Lack of Personal Jurisdiction** [#35][1] (the "Motion to Dismiss"), and on Defendants' **Corrected Motion for Summary Judgment for Failure to Exhaust Administrative Remedies** [#45] (the "Motion for Summary Judgment"). Plaintiff, who proceeds as a pro se litigant,[2] filed Responses

---

[1] "[#35]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Recommendation.

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the

-1-

[#51, #58] in opposition to the Motions, and Defendants filed Replies [#56, #60]. The Motions have been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c). *See* [#38, #47]. Having reviewed the entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motion to Dismiss [#35] be **GRANTED in part and DENIED as moot in part** and that the Motion for Summary Judgment [#45] be **GRANTED in part and DENIED as moot in part**.

## I. Summary of the Case

At all times relevant to this lawsuit, Plaintiff has been a prisoner in the custody of the United State Bureau of Prisons ("BOP") at the Federal Correctional Institution ("FCI") located in Florence, Colorado. *Second Am. Compl.* [#17] at 2, 13. Defendants in this matter consist of various employees of the BOP. *Id.* at 10-12. Plaintiff asserts two claims of deliberate indifference under the Eighth Amendment stemming from his treatment by correctional officers during a prison riot and his alleged failure to receive appropriate medical care afterward. *Id.* at 13-21. Plaintiff seeks monetary damages in connection with these claims. *Id.* at 22-24.

## II. Standard of Review

### A. Federal Rule of Civil Procedure 12(b)(2)

"The district court is given discretion in determining the procedure to employ in considering a motion to dismiss for lack of jurisdiction . . . . Facts regarding jurisdictional

---

Court should not be the pro se litigant's advocate, nor should the Court "supply additional factual allegations to round out [the pro se litigant's] complaint or construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

questions may be determined by reference to affidavits, by a pretrial evidentiary hearing, or at trial when the jurisdictional issue is dependent upon a decision on the merits." *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992) (internal quotations and citations omitted). A plaintiff bears the burden of establishing personal jurisdiction over a defendant. *Behagen v. Amateur Basketball Ass'n of the U.S.*, 744 F.2d 731, 733 (10th Cir. 1984). Before trial, a plaintiff need only make a prima facie showing of jurisdiction. *Id.* "The plaintiff may make this prima facie showing by demonstrating, via affidavits and other written materials, facts that if true would support jurisdiction over the defendant." *OMI Holdings, Inc. v. Royal Ins. Co.*, 149 F.3d 1086, 1091 (10th Cir. 1998). The Court accepts the well-pled allegations (namely the plausible, nonconclusory, and nonspeculative facts) of the operative pleading as true "to the extent they are uncontroverted by the defendant's affidavits. If the parties present conflicting affidavits, all factual disputes must be resolved in the plaintiff's favor, and the plaintiff's prima facie showing is sufficient notwithstanding the contrary presentation by the moving party." *Wenz v. Memery Crystal*, 55 F.3d 1503, 1505 (10th Cir. 1995) (internal quotation marks and citations omitted).

The exercise of personal jurisdiction over a non-resident defendant must satisfy the requirements of the forum state's long-arm statute as well as constitutional due process requirements. *Doe v. Nat'l Med. Servs.*, 974 F.2d 143, 145 (10th Cir. 1992). "Colorado's long-arm statute is coextensive with constitutional limitations imposed by the due process clause." *Day v. Snowmass Stables, Inc.*, 810 F. Supp. 289, 291 (D. Colo. 1993). Therefore, if jurisdiction is consistent with the Fourteenth Amendment due process clause, Colorado's long-arm statute authorizes jurisdiction over a nonresident defendant. Under

the due process clause, personal jurisdiction may not be asserted over a party unless that party has sufficient "minimum contact" with the state, so that the imposition of jurisdiction would not violate "traditional notions or fair play and substantial justice." *Burger King v. Rudzewicz*, 471 U.S. 462, 74 (1985) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)); *Helicopteros Nacionales De Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984).

**B.     Federal Rule of Civil Procedure 56**

The purpose of a motion for summary judgment pursuant to Fed. R. Civ. P. 56 is to assess whether trial is necessary. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Pursuant to Fed. R. Civ. P. 56(a), summary judgment should be entered if the pleadings, the discovery, any affidavits, and disclosures on file show "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." An issue is genuine if the evidence is such that a reasonable jury could resolve the issue in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it might affect the outcome of the case under the governing substantive law. *Id.*

The burden is on the movant to show the absence of a genuine issue of material fact. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670-71 (10th Cir. 1998) (citing *Celotex*, 477 U.S. at 323). When the movant does not bear the ultimate burden of persuasion at trial, the "movant may make its prima facie demonstration [of the absence of a genuine issue of material fact] simply by pointing out to the [C]ourt a lack of evidence for the nonmovant on an essential element of the nonmovant's claim." *Id.* at 671. If the movant carries the initial burden of making a prima facie showing of a lack of evidence, the burden shifts to the nonmovant to put forth sufficient evidence for each essential element of his

claim such that a reasonable jury could find in his favor. *See Anderson*, 477 U.S. at 248. The nonmovant must go beyond the allegations and denials of his pleadings and provide admissible evidence, which the Court views in the light most favorable to him. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970); *Panis v. Mission Hills Bank, N.A.*, 60 F.3d 1486, 1490 (10th Cir. 1995) (citing *Celotex*, 477 U.S. at 324). Conclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence. *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004). The nonmoving party's evidence must be more than "mere reargument of [his] case or a denial of an opponent's allegation" or it will be disregarded. *See* 10B Charles Alan Wright et al., *Federal Practice and Procedure* § 2738 (4th ed. 2017).

### III. Analysis

**A.     Fed. R. Civ. P. 12(b)(2): Personal Jurisdiction**

The Court first analyzes Defendant Sara M. Revell's ("Revell") argument that the Court lacks personal jurisdiction over her pursuant to Fed. R. Civ. P. 12(b)(2). The allegations asserted by Plaintiff against Defendant Revell are as follows. Defendant Revell, as Regional Director for the BOP, is the final decision maker "for FCC Florence, of the tier system and Bureaucratic chain of commands." *Second Am. Compl.* [#17] at 10. She, along with other supervisors, was informed of certain alleged regulatory infractions by Defendant Thompson and about "the altercation behind Defendant Thompson's actions that caused the serious assault on the recreation yard between the Tangos and the Paisas, over the cell." *Id.* at 14. Defendant Revell was also allegedly funneled information about certain alleged regulatory infractions by Defendant Rickard but "turned a blind eye" which thereby "allowed the altercation to proceed to a riot, which caused [Plaintiff's] injuries." *Id.*

at 15.

Defendant Revell supports her argument that the Court lacks personal jurisdiction over her with her sworn Declaration [#35-1]. She states that she has been employed by the BOP for more than thirty years, and that she is currently the Regional Director for the North Central Region. *Decl. of Revell* [#35-1] ¶ 1. She states that she has held the position since her selection in June 2015, although she did not officially begin work in that capacity until October 2015. *Id.* The Regional Director's Office where she works is located in Kansas City, Kansas. *Id.* Defendant Revell declares that she does not reside, work, or own real property in Colorado. *Id.* ¶ 2. She states that in her supervisory role as Regional Director, she is not involved in the day-to-day management decisions regarding specific inmates at the institutional level. *Id.* ¶ 5. She also states that she has not had any direct contact with Plaintiff and did not deny him medical treatment. *Id.* ¶ 6.

Defendant Revell correctly argues that the Court lacks personal jurisdiction over her. *Motion* [#35] at 6-7; *Reply* [#60] at 1. "It is not reasonable to suggest that federal prison officials may be hauled into court simply because they have regional and national supervisory responsibilities over facilities within a forum state." *Hill v. Pugh*, 75 F. App'x 715, 719 (10th Cir. 2003). To the extent Defendant Revell may have received information regarding alleged regulatory infractions or potentially unconstitutional actions by local prison personnel, this is not sufficient to establish personal jurisdiction over her. *Nichols v. Fed. Bureau of Prisons*, No. 09-cv-00558-CMA-CBS, 2010 WL 3219998, at *3 (D. Colo. Aug. 12, 2010) (citing *Hill*, 75 F. App'x at 719; *Georgacarakos v. Wiley*, No. 07-cv-01712, 2008 WL 4216265, at *5 (D. Colo. Sept. 12, 2008) (finding that personal jurisdiction did not arise simply because the director of the BOP received notice of allegedly unconstitutional

conditions).

Plaintiff's allegations against Defendant Revell are sparse. Plaintiff does not allege that Defendant Revell had any contact with Plaintiff in Colorado. Plaintiff does not allege that Defendant Revell gave direction to any of the other Defendants in any way that impacted Plaintiff. Thus, any actions Defendant Revell may or may not have taken, even when combined with her alleged knowledge of alleged infractions of administrative regulations by subordinate BOP employees, are insufficient to establish personal jurisdiction. *See Nichols*, 2010 WL 3219998, at *4 (holding the same on similar facts).

Accordingly, the Court **recommends** that the all claims asserted against Defendant Revell be **dismissed without prejudice** on the basis of lack of personal jurisdiction. *See Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002) (stating that dismissal on the basis of lack of personal jurisdiction must be without prejudice).

**B.    Fed. R. Civ. P. 56: Exhaustion of Administrative Remedies**

Defendants argue that Plaintiff failed to exhaust his administrative remedies. *Motion for Summary Judgment* [#45]. The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust their administrative remedies before filing suit in court. 42 U.S.C. § 1997e(a). In order to exhaust administrative remedies, an inmate must properly follow the steps set forth in the prison's grievance procedure. *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010).

Here, there appears to be no dispute that Plaintiff did not complete the BOP's administrative grievance procedures, but Plaintiff argues that he filed suit prior to completing his administrative remedies because they were not available to him. *Response*

[#51]. "An inmate . . . must exhaust available remedies, but need not exhaust unavailable ones." *Ross v. Blake*, 136 S. Ct. 1850, 1858 (2016). Administrative remedies may be unavailable when prison officials are "unable or consistently unwilling to provide any relief to aggrieved inmates," when the administrative remedies scheme is "so opaque that it becomes, practically speaking, incapable of use," or when prison officials "thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Id.* at 1859-60.

The BOP has a four-step administrative remedy program, in which a plaintiff must file a different form i.e., BP-8, BP-9, BP-10, and BP-11, at each successive step of the process. *See* 28 C.F.R. §§ 542.10-542.19. Taken in a light most favorable to Plaintiff, the generally uncontroverted evidence here demonstrates (1) that Plaintiff first asked for a BP-8 form no earlier than September 30, 2016, (2) that the Administrative Remedy Program was temporarily suspended due to the prison riot that forms the basis of Plaintiff's claims here, (3) that Plaintiff completed and signed a BP-8 form on October 3, 2016, (4) that he gave his BP-8 form to Nurse Baley on October 4, 2016, after Defendant Associate Warden Dominic John refused to take it earlier that day, (5) that Defendant Associate Warden Freddy Garrido refused to provide Plaintiff with additional grievance forms on October 7, 2016, (6) that Plaintiff completed and signed a complaint[3] for filing with this Court on October 7, 2016, and (7) that the Court received Plaintiff's filing and opened this lawsuit on

---

[3] The document was actually titled Motion for Judicial Review Under the Administrative Remedy Program/Motion for Emergency Injunction to Order the Federal Bureau of Prisons' FCI Florence Institution to Stop Violating Sutter's Constitutional Rights, Provide Sutter Medical Treatment, and Stop Subjecting Sutter to Group Punishment Without Due Process [#1]. This document was accepted by the Court in order to open this case, and Plaintiff was subsequently directed to file a formal complaint, which he did. *See Am. Compl.* [#11].

October 12, 2016.  *Decl. of Pl.* [#51] at 32-35.  The Court finds that these facts do not demonstrate that Plaintiff exhausted all available administrative remedies before filing this lawsuit.

The circumstances of this case are similar to those in *Darris v. McCall*, No. 12-cv-02685-REB-CBS, 2013 WL 3381273, at *2 (D. Colo. July 8, 2013), in which the events underlying the incarcerated plaintiff's claims occurred on October 8, 2012, Plaintiff signed and dated his complaint on October 9, 2012, and the Court received his complaint on October 10, 2012.  The plaintiff argued in part that he was in protective custody and so had no access to the grievance form.  The Court held that the plaintiff was not excused from the exhaustion requirement on this basis because "the doctrine of substantial compliance does not apply" to exhaustion under the PLRA.  *Darris*, 2013 WL 3381273, at *4 (quoting *Thomas v. Parker*, 609 F.3d 1114, 1118 (10th Cir. 2010) (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (rejecting the assertion that an incarcerated litigant does not need to properly complete the grievance process or correct deficiencies in their grievances))).  In other words, the mere fact that a grievance form may not have been immediately available to the plaintiff did not excuse his failure to complete the administrative process before filing a lawsuit in federal court.

In *Huffman v. Allred*, No. 11-cv-014590CMA-KLM, 2013 WL 424779, at *6 (D. Colo. Jan. 10, 2013), the plaintiff argued that "administrative remedies were not 'available' because his facility was locked down much of the time and he could not obtain the number of grievance forms he wanted."  The Court held that "[e]ven if he could not submit grievances while under lock-down, he was free to submit grievances at all other times."  *Huffman*, 2013 WL 424779, at *6.  The Court further held that the plaintiff's assertions

regarding "the time he was on lock-down [during his first six months in the BOP's prison facility were] insufficient to show he was effectively prevented from filing grievances." *Id.*

The Court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials" before a prisoner-plaintiff's claims may be dismissed on the basis of failure to exhaust administrative remedies. *Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Here, Plaintiff's prison facility went on lock-down on September 30, 2016, and Plaintiff signed and submitted his Complaint to the Court on October 7. This is not a situation where prison officials were "unable or consistently unwilling to provide any relief to aggrieved inmates" for a significant period of time, such that, for example, statute of limitations issues could potentially arise. *Ross*, 136 S. Ct. at 1859. Plaintiff filled out a BP-8 form on October 3 and a mere four days later completed and signed a complaint for filing with this Court. Although it is unclear exactly when the prison's September 30, 2016 lock-down ended, it is clear that, at the very longest, it lasted less than three weeks, because Plaintiff was able to submit grievance forms by October 19, 2016, as evidenced by the fact that he did so on that date. *See* [#45-1] at 19. Thus, there is simply no evidence that Plaintiff was barred from using the grievance system for such a period of time that his submission of a complaint to the Court was warranted after less than one week of waiting for the lock-down to end. Thus, the Court finds that Plaintiff failed to exhaust his administrative remedies.

"Since the PLRA makes exhaustion a precondition to filing a suit, an action brought before administrative remedies are exhausted must be dismissed without regard to concern for judicial efficiency." *Ruppert v. Aragon*, 448 F. App'x 862, 863 (10th Cir. 2012) (holding that dismissal without prejudice was appropriate, because, although "the administrative

review process had been completed by the time the case was ripe for decision, . . . the process was incomplete when [the plaintiff] filed suit").

Accordingly, the Court **recommends** that all claims against all Defendants other than Defendant Revell, *see supra* Section III.A., be **DISMISSED without prejudice**. *See Fields v. Okla. State Penitentiary*, 511 F.3d 1109, 1113 (10th Cir. 2007) (stating that dismissal of unexhausted claims on summary judgment should be without prejudice).

### IV. Conclusion

For the foregoing reasons,

IT IS HEREBY **RECOMMENDED** that the Motion to Dismiss [#35] be **GRANTED in part and DENIED as moot in part**. It is **recommended** that the Motion to Dismiss be **granted** to the extent that all claims against Defendant Revell be **dismissed without prejudice** on the basis of lack of personal jurisdiction. It is **recommended** that the remainder of the Motion to Dismiss be **dismissed as moot** on the basis of the Court's exhaustion recommendation made in connection with the Motion for Summary Judgment [#45].

IT IS FURTHER **RECOMMENDED** that the Motion for Summary Judgment [#45] be **GRANTED in part and DENIED as moot in part**. It is **recommended** that the Motion for Summary Judgment be **denied as moot** to the extent it is asserted by Defendant Revell, due to the Court's recommendation regarding lack of personal jurisdiction in connection with the Motion to Dismiss [#35]. It is **recommended** that the Motion for Summary Judgment be **granted** with respect to all other Defendants to the extent that all claims against them be **dismissed without prejudice** on the basis of Plaintiff's failure to exhaust

his administrative remedies.

IT IS **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives de novo review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dep't of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for de novo review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: January 26, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge