IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02552-DME-KLM

SHAWN LOUIS SUTTER,

    Plaintiff,

v.

GOETZ, FCI Warden,
DOMINIC JOHN, A.W.,
FREDDY GARRIDO, A.W.,
GICONI, FCI Captain,
FRABONI, APN,
THOMPSON, Counselor,
J. FOX, Complex Warden,
SARA M. REVELL, Regional Director, and
RICKARD, Complex Captain,

    Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____
**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion for Relief from Final Judgment Pursuant to Fed. R. Civ. P. 60(b)(3) and/or 60(b)(6), and Incorporated Memorandum of Law [with] Jurisdiction Pursuant to Rule 62.1** [#134][1] (the "Motion"). Defendants filed a Response [#136] in opposition to the Motion. No reply was filed. The Motion has been referred to the undersigned for recommendation pursuant to 28 U.S.C. § 636(b) and D.C.COLO.LCivR 72.1(c). See [#135]. Having reviewed the entire case file and being sufficiently advised, the Court respectfully **RECOMMENDS** that the Motion

---

[1] "[#134]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Recommendation.

-1-

[#134] be **DENIED**.

## I. Background

Plaintiff, who proceeds as a pro se litigant,[2] filed this lawsuit on October 12, 2016. *See Motion for Judicial Review* [#1]. Defendants subsequently filed a Motion to Dismiss [#35] and a Motion for Summary Judgment [#45]. Plaintiff filed a lengthy Response [#54] in opposition to both motions, and Defendants filed Replies [#56, #60]. On January 26, 2018, the undersigned issued a Recommendation on the two motions, ultimately concluding:

> IT IS HEREBY **RECOMMENDED** that the Motion to Dismiss [#35] be **GRANTED in part and DENIED as moot in part**. It is **recommended** that the Motion to Dismiss be granted to the extent that all claims against Defendant Revell be dismissed without prejudice on the basis of lack of personal jurisdiction. It is **recommended** that the remainder of the Motion to Dismiss be **[denied] as moot** on the basis of the Court's exhaustion recommendation made in connection with the Motion for Summary Judgment [#45].
>
> IT IS FURTHER **RECOMMENDED** that the Motion for Summary Judgment [#45] be **GRANTED in part and DENIED as moot in part**. It is **recommended** that the Motion for Summary Judgment be **denied as moot** to the extent it is asserted by Defendant Revell, due to the Court's recommendation regarding lack of personal jurisdiction in connection with the Motion to Dismiss [#35]. It is **recommended** that the Motion for Summary Judgment be **granted** with respect to all other Defendants to the extent that all claims against them be **dismissed without prejudice** on the basis of Plaintiff's failure to exhaust his administrative remedies.

[#85] at 11-12. Plaintiff timely filed a thorough Objection [#97] to the Recommendation [#85], dated February 4, 2018, and received by the Court on February 7, 2018. On March

---

[2] The Court must construe liberally the filings of a pro se litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the pro se litigant's advocate, nor should the Court "construct a legal theory on [his] behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citing *Hall*, 935 F.2d at 1110). In addition, pro se litigants must follow the same procedural rules that govern other litigants. *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

6, 2018, Judge Ebel adopted the Recommendation, noting in part:

> Because Mr. Sutter appears pro se, we are obligated to construe his filings liberally. Even before employing such liberal construction, however, the Court notes that Mr. Sutter's filings are quite strong, reaching or even surpassing documents often filed by seasoned attorneys in this court. The Court commends Mr. Sutter for his diligence, especially given that he was without access to the prison law library while drafting his objections to the magistrate's recommendation.

*Order* [#89] at 1 n.1 (internal citations omitted). Final judgment entered in favor of Defendants in this case on March 7, 2018. *See* [#90]. Plaintiff has since repeatedly sought review of that judgment in various ways, including by invoking Fed. R. Civ. P. 59(e), by filing an appeal to the Tenth Circuit Court of Appeals (which was dismissed on March 29, 2019, for failure to prosecute), and now by invoking Fed. R. Civ. P. 60(b). *See Motion* [#134].

## II. Standard

"Rule 60(b) relief is extraordinary and may be granted only in exceptional circumstances." *Banks v. Katzenmeyer*, No. 13-cv-02599-KLM, 2015 WL 4467373, at *5 (D. Colo. July 22, 2015) (quoting *Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008)). "A litigant shows exceptional circumstances by satisfying one or more of the grounds for relief enumerated in Rule 60(b)." *Martinez v. Red's Towing*, No. 14-cv-00458-KLM, 2015 WL 328304, at *2 (D. Colo. Jan. 23, 2015) (citing *Van Skiver v. United States*, 952 F.3d 1241, 1243 (10th Cir. 1991). The exceptional circumstances enumerated in Rule 60(b) are:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based

on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Plaintiff relies on Rule 60(b)(3) and Rule 60(b)(6) to support his request for relief. *See Motion* [#134].

### III. Analysis

In short, Plaintiff argues that he was denied access to legal materials and the law library in the Special Housing Unit ("SHU") at FCI-Florence in Colorado, that Defendant Goetz "void[ed]/conceal[ed] [Plaintiff's] writ to the Tampa U.S. District Court," that a SHU official failed to forward a motion to stay from Plaintiff to the Court, and that he did not receive Defendants' response to his Objections to the Recommendation and thus was denied the ability to file a reply. *See Motion* [#134] at 12, 18-27.

**A.      Federal Rule of Civil Procedure 60(b)(3)**

"Regardless of the specific form of the allegation, the party relying on Rule 60(b)(3) must, by adequate proof, clearly substantiate the claim of fraud, misconduct or misrepresentation. In other words, [he] must show clear and convincing proof of fraud, misrepresentation, or misconduct." *Jones v. Ferguson Pontiac Buick GMC, Inc.*, 374 F. App'x 787, 788 n.1 (10th Cir. 2010). Further, Plaintiff must show that "the challenged behavior . . . substantially . . . interfered with [his] ability [to] fully and fairly . . . prepare for and proceed to trial." *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1290 (10th Cir. 2005) (internal quotation marks omitted).

There is certainly no clear indication of fraud or relevant misrepresentation in the briefs; however, Plaintiff appears to assert that prison officials engaged in "misconduct" (a point on which the Court makes no explicit finding). Although Plaintiff complains about how

this litigation unfolded and the difficulties he had litigating while in prison and especially while in the SHU, he has not demonstrated that any purported misconduct *substantially* interfered with his ability to fully and fairly participate in this lawsuit. For example, Plaintiff does not argue that he was prevented from obtaining copies of administrative grievances he had filed in order to support his opposition to Defendants' Motion for Summary Judgment [#45].

More specifically, Plaintiff argues that he was partially denied access to his legal materials and fully denied access to the law library in the SHU.[3] *See, e.g.*, *Motion* [#134] at 18. However, Plaintiff was able to file a lengthy Response [#80] to Defendants' dispositive motions as well as a thorough Objection [#87] to the undersigned's Recommendation [#85]. Plaintiff's filings were then construed liberally by both the undersigned and by Judge Ebel, and even praised by Judge Ebel. *See Recommendation* [#85] at 1 n.1; *Order* [#89] at 1 n.1.

Plaintiff's Objection [#97] to the Recommendation [#85] was signed on February 4, 2018, and clearly immediately mailed, because the Court received the document on February 7, 2018. Plaintiff asserts that on February 22, 2018, staff came to his cell to take all of his legal materials in preparation for Plaintiff's transfer to Tampa for a hearing at the

---

[3] Plaintiff's Motion [#134] may be broadly construed to argue that the Court made a mistake of law and that, if he had been permitted time in the law library, he could have found legal authority to demonstrate that mistake. *See, e.g., Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576-77 (10th Cir. 1996) (stating that Fed. R. Civ. P. 60(b)(1) "provides for the reconsideration of judgments" in part "where the judge has made a substantive mistake of law or fact in the final judgment or order"). However, the Court notes that, despite Final Judgment [#90] having been entered on March 7, 2018, Plaintiff has presented no "smoking gun" case which he asserts he could have found and presented to the Court to show that the Court's decision was incorrect. There is simply no justifiable indication here that, in either his objections or his Rule 59(e) motion, Plaintiff could have found, if given more time, additional legal authority to present to the Court to mandate a decision favorable to him. Thus, the Court finds that relief premised on Rule 60(b)(1)'s mistake provision is unwarranted here.

United States District Court there.  *Motion* [#134] at 8.  That same day, he gave staff a motion to stay to mail to the Court, which he asserts was not properly sent to the Court.  *Id.*  The next day, February 23, he was unexpectedly transferred to FCI Jesup in Georgia instead of to Tampa.  *Id.*  However, all of these events (and others discussed by Plaintiff in the months following) occurred weeks after Plaintiff timely filed his Objection.  No further action was required, or even permitted, of Plaintiff after he filed that document.  To the extent Plaintiff asserts that he was unable to file a timely reply to Defendants' response to his Objections to the Recommendation because of these events and because he never received the response (which was filed with the Court on February 22, 2018), the Court is aware of no legal authority permitting a reply in support of objections, and there is certainly no authority requiring one.  *See* Fed. R. Civ. P. 72(b) (stating in relevant part: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific objections to the proposed findings and recommendations.  A party may respond to another party's objections within 14 days after being served with a copy.").

Having found that Plaintiff has failed to show that Defendants' misconduct (if any) substantially interfered with his ability to fully and fairly participate in this litigation, *see Zurich*, 426 F.3d at 1290, the Court **recommends** that the Motion [#134] be **denied** to the extent it is asserted pursuant to Fed. R. Civ. P. 60(b)(3).

**B.     Federal Rule of Civil Procedure 60(b)(6)**

The Court next turns to Plaintiff's argument regarding Rule 60(b)(6).  "The clear import of the language of clause (b)(6) is that the clause is restricted to reasons other than those enumerated in the previous five clauses."  *United States v. Buck*, 281 F.3d 1336, 1341 (10th Cir. 2002).  "Courts have found few narrowly-defined situations that clearly

present 'other reasons justifying relief'" under Rule 60(b)(6). *Okla. Chapter of Am. Acad. of Pediatrics v. Fogarty*, Nos. 05-5100, 05-5107, 2010 WL 3341881, at *2 (10th Cir. July 20, 2010). "Courts have granted relief under Rule 60(b)(6) 'when, after entry of judgment, events not contemplated by the moving party render enforcement of the judgment inequitable,' where a party is indigent or when it offends justice to deny such relief." *Mbaku v. Bank of Am., Nat'l Assoc.*, No. 12-cv-00190-PAB-KLM, 2014 WL 3906463, at *1 (D. Colo. Aug. 11, 2014) (quoting *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 580 (10th Cir. 1996); *Yapp v. Excel Corp.*, 186 F.3d 1222, 1231-32 (10th Cir. 1999)). "Rule 60(b)(6) relief is . . . difficult to attain and is appropriate only when it offends justice to deny such relief. The denial of a 60(b)(6) motion will be reversed [by the Tenth Circuit] only if [the Court] find[s] a complete absence of a reasonable basis and [is] certain that the decision is wrong." *Morales v. Jones*, 480 F. App'x 898, 901 (10th Cir. 2012) (quoting *Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1293 (10th Cir. 2005) (internal quotations, citations, and ellipses omitted)).

Plaintiff does not explicitly provide separate arguments regarding his purported entitlement to relief under Rule 60(b)(6). Indeed, Plaintiff does not present any argument that is not based on some type of purported misconduct by Defendants specifically or BOP staff generally, an area of relief that is covered by Fed. R. Civ. P. 60(b)(3). As such, his Rule 60(b)(6) argument appears to be duplicative of this Rule 60(b)(3), and is not permitted. *See State Bank of S. Utah v. Gledhill ( In re Gledhill )*, 76 F.3d 1070, 1080 (10th Cir. 1996) ("A court may not premise Rule 60(b)(6) relief . . . on one of the specific grounds enumerated in clauses (b)(1) through (b)(5)."). Thus, relief under Rule 60(b)(6) is not warranted here. *See Morales*, 480 F. App'x at 901.

Accordingly, the Court respectfully **recommends** that the Motion [#134] be **denied** to the extent it is asserted to Fed. R. Civ. P. 60(b)(6).

## IV. Conclusion

IT IS HEREBY **RECOMMENDED** that the Motion [#134] be **DENIED**.

IT IS FURTHER **ORDERED** that pursuant to Fed. R. Civ. P. 72, the parties shall have fourteen (14) days after service of the Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. A party's failure to serve and file specific, written objections waives *de novo* review of the Recommendation by the District Judge, Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. *Makin v. Colo. Dept. of Corr.*, 183 F.3d 1205, 1210 (10th Cir. 1999); *Talley v. Hesse*, 91 F.3d 1411, 1412-13 (10th Cir. 1996). A party's objections to this Recommendation must be both timely and specific to preserve an issue for *de novo* review by the District Court or for appellate review. *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated: May 24, 2019

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge